[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Lawrence and Lynda Moses, filed a two-count complaint on March 10, 2000 to quiet title, and to void an easement. Both counts concern a parcel of land the plaintiffs purchased in Newtown. The plaintiffs acquired the parcel at issue by warranty deed dated January 28, 1999, which deed was recorded in the Newtown Land Records. The premises are a portion of land (the original parcel) formerly owned by William Horrigan, Jr., Associates, a general partnership. The principals of William Horrigan, Jr., Associates included William Horrigan, Jr., Frank Healy, David Thorne, Arthur Emil and Arthur Collins, all of whom were named as defendants. On or about October 23, 1978, the principals filed a certificate of limited partnership in the Newtown Land Records that states the desire and intention of the principals of William Horrigan, Jr., Associates is to reconstitute themselves as Newtown, Associates, a limited partnership.
The plaintiffs allege that no conveyance of the original parcel from William Horrigan, Jr., Associates to Newtown Associates took place. Therefore, they claim that there is a break in the chain of title, which CT Page 11302 they are attempting to cure in count one. They also name several other predecessors in interest in the premises as defendants, including Toll Land XVII Limited Partnership (Toll Land). Toll Land purchased the premises by warranty deed dated June 29, 1995, and, on July 2, 1997, Toll Land granted an easement for a horse trail over a portion of the "plaintiffs' property to defendant Newtown Bridle Lands Association, Inc." Count two is an attempt to have the court declare the horse trail easement void.
Newtown Bridle Lands Association, Inc. (Newtown Bridle), filed a request to revise the complaint on April 7, 2000. On April 19, 2000, the plaintiffs objected to each of Newtown Bridle's requests, and on April 24, they filed an amended objection to comply with § 10-37 of the Practice Book. On April 26, Toll Land also filed a request to revise, to which the plaintiffs objected on May 3. The court overruled each of the plaintiffs' objections to Toll Land's request to revise. Only one of Toll Land's requests to revise overlaps with a request of Newtown Bridle's, in that both contain a request to revise paragraph 20 in count one.
"Whenever a party desires . . . the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in any adverse party's pleading . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading." Section 10-35 of the Practice Book. The court will address each of Newtown Bridle's requests to revise in the order presented.
First, Newtown Bridle requests that paragraph eight of count one be deleted. It reads: "Based upon the recordation of the certificate in the Newtown Land Records as described above, it appears that defendants [William] Horrigan [Jr., Associates] and Newtown [Associates] believed that recordation of said certificate was sufficient to establish title to the original parcel in defendant Newtown [Associates], and that no instrument of conveyance was needed, contemplating that the reconstruction of defendant [William] Horrigan [Jr., Associates], a general partnership, into defendant Newtown [Associates], a limited partnership, was tantamount to a simple name change." Newtown Bridle contends that paragraph eight is improper because it is not a factual allegation, but rather a mixture of fact and law in violation of the rules of § 10-20 of the rules of practice ("[the complaint] shall contain a concise statement of the facts constituting the cause of action. . . ."). The court agrees that paragraph eight is improper. While it is unavoidable that conclusions of law will appear in pleadings on occasion, the court finds that the conclusion drawn by the plaintiffs in this paragraph is little more than a restatement of the plaintiffs' theory of the case and its presence in the complaint is unnecessary. CT Page 11303 Accordingly, the plaintiffs' objection as to count one, paragraph eight is overruled.
Second, Newtown Bridle requests that paragraph thirteen of count one be deleted. That paragraph reads: "Newtown [Associates], as a converted partnership or limited partnership formed prior to October 1, 1979, is governed by the 1979 statute." By way of context, the plaintiffs claim that at the time of the conversion of William Horrigan, Jr. Associates to Newtown Associates, the relevant statute did not provide for automatic transfer of property between the old and new entity. Newtown Bridle asserts that paragraph thirteen is a conclusion of law in violation of § 10-20 of the Practice Book. The plaintiffs, in their objection, contend that this is simply a statement of fact, and that it does "not state any conclusions concerning the application of [the statute]." (Amended objection to Newtown Bridle's request to revise.) The plaintiffs' argument is unpersuasive. Paragraph thirteen is a conclusion concerning the application of the statute vis-a-vis Newtown Associates. Again, as with paragraph eight, paragraph thirteen is an unnecessary restatement of the plaintiffs' theory. Accordingly, the plaintiffs' objection as to count one, paragraph thirteen, is overruled.
Third, Newtown Bridle requests that a new paragraph be inserted after paragraph 17 of count one, which would read: "By deed dated July 2, 1997, and recorded in volume 558 at page 348 of the Newtown Land Records (Exhibit D), defendant Toll Land XVII Limited Partnership ("Toll") granted a horse trail easement over a portion of plaintiff's property to defendant Newtown Bridle Lands Association, Inc." (Newtown Bridle's request to revise.) Newtown Bridle proffers no authority, and the court is not aware of any, that would allow it to insert language into the plaintiffs' complaint. Section 10-35 of the Practice Book allows for deletions and corrections, not additions. Accordingly, the court sustains the plaintiffs' objection, and leaves it for them to decide what, if anything, they would like to add to their complaint.
Fourth, Newtown Bridle asks that the court delete paragraph twenty of count one. Paragraph twenty reads: "Based upon the foregoing, and particularly in light of the clear intent of the defendants [William] Horrigan [Jr., Associates] and Newtown [Associates] and their failure to apply the relevant law applicable to conveyances at the time of its conversion to Newtown [Associates], [William] Horrigan, Jr. [Associates] and all those whose title is derived from [William] Horrigan [Jr., Associates] including the defendants Newtown [Associates] . . . and Toll [Land] have no present interest in the premises."
Paragraph twenty already was the subject of a request to revise. Toll Land requested that the plaintiffs revise paragraph twenty to state with CT Page 11304 specificity who misapplied the law. The plaintiffs objected and the court, Carroll, J., overruled their objection. In its request to revise, Newtown Bridle argues that paragraph twenty mixes conclusions of fact and law. The plaintiffs counter that paragraph twenty is merely a logical summation of the actions of the defendants in count one. The court is of the opinion that a summary is unnecessary. Accordingly, the plaintiffs' objection is overruled.
Fifth, Newtown Bridle requests that count two, by which the plaintiffs seek to void the horse path easement, be deleted in its entirety. Newtown Bridle argues that count two 15 completely repetitious" of count one, is "unnecessary to a determination of the rights of the parties to the premises in a quiet title action," is "intended to create a separate cause of action against [Newtown Bridle] based upon the same facts and is an attempt to obtain inconsistent findings on the same facts. . . . namely, that the plaintiffs are entitled to quiet title to the premises in their name, but that the easement to Newtown Bridle Lands Association, Inc. should be extinguished." The plaintiffs counter that they are both entitled to cure the alleged break in the chain of title, and to seek to invalidate the horse trail easement. They further argue that they drafted the complaint to provide the trier of fact with "a clear path for each cause of action and to obtain a clear judicial determination of each cause of action." The court agrees with Newtown Bridle that count two is repetitive and unnecessary in the resolution of this quiet title action. Although the plaintiffs may claim alternative grounds relief see §10-25; they may not manufacture two causes of action where only one exists. Accordingly, the plaintiffs' objection is overruled and Newtown Bridle's request to delete count two is granted.
Finally, Newtown Bridle requests that the plaintiffs' third prayer for relief be deleted, which would void the horse trail easement "as stated in count 2." Newtown Bridle's request is granted, insofar as the prayer for relief refers to the deleted claim.
The plaintiffs' objections to Newtown Bridle's requests to revise paragraphs eight, thirteen and twenty in count one are overruled, as is the plaintiffs' objection to Newtown Bridle's request to revise count two. The plaintiffs' objection to Newtown Bridle's request to add a paragraph to count one is sustained, and the plaintiffs' objection to Newtown Bridle's request to revise their third prayer for relief is overruled, as that prayer refers to a count which is hereby deleted.
Moraghan, Judge